STATE, EX REL. JAMES BALLINGER, v: JOHN B. DEACON, CLERK OF BURLINGTON COUNTY.

1. The clerk, when called upon to make a search for title, is entitled to have such information either by the names of the parties or by reference to the records in his office, as will enable him, by examining the indices or the record to which he is referred, to ascertain the premises in relation to which he is required to make a search.

2. A party desiring a search cannot carve out a description of lands at his will, and require the services of the clerk to ascertain the condition of the title. Under a call for a search by such a description, the clerk is not required to certify that he can find no deeds on record conveying the premises described.

3. Where the clerk certifies a description from the record, he is not obliged to certify that such description contains part only of the premises described in the order for a search. It is sufficient if he gives the description as it is on the record, with all its qualifications and recitals.

---

On rule to show cause why a *mandamus* should not issue.

The defendant is the clerk of the county of Burlington. The relator, through his counsel, made a requisition on the defendant as follows:

" Please make us certificate of search as to any conveyances of record in your office of all that lot of land situate in the city of Beverly, county of Burlington, New Jersey, beginning at the northwest corner of Laurel and Front streets, and extending thence westward, along the north line of Front street, one hundred and twenty feet, to lands of Thomas

Milnor, and northward, between the west line of Laurel street and a line parallel therewith, one hundred and twenty feet therefrom, along lands of Thomas Milnor and others, five hundred feet, more or less, crossing Bank street, to low-water mark in the river Delaware, made by Samuel N. Ware, from September 29th, 1858, to January 5th, 1864; Phila M. Weir, from November 25th, 1863, to January 15th, 1865; Robert Weir, from November 25th, 1863, to January 15th, 1865; Garret M. Britton, from December 5th, 1864, to July 1st, 1866; Aaron Subers, from June 1st, 1866, to July 1st, 1866; Anna Eliza Britton, from June 1st, 1866, to April 1st, 1871; William F. Britton, from March 1st, 1870, to date; Joseph H. Britton, from March 1st, 1870, to date; Anna C. Britton, from March 1st, 1870, to date; Ambrose W. Britton, from March 1st, 1870, to date."

The defendant, in obedience to this requisition, made out a certificate of search as to all the persons named, reciting deeds, with dates and reference to books of record, from Samuel N. Ware to Phila M. Weir, wife of Robert Weir; from Robert Weir and wife to Garret M. Britton; from Britton and wife to Subers, and from Subers to Ann Eliza Britton. The certificate concluded as follows:

" And find no others made by them or either of them, conveying said premises, or any part thereof, during the time specified opposite their respective names."

The requisition also called for search for encumbrances, and the certificate set out divers encumbrances. It is unnecessary to refer to those parts of the papers in settling the present controversy between the parties.

The certificate of search, in stating the premises to which it related, did not describe them as set out in the requisition. It simply referred to them as premises situated in the city of Beverly, at the northwest corner of Front and Laurel streets, particularly described in a deed from Edmund Morris to William S. Vansciver, dated April 29th, 1848, and recorded in Book U of Deeds, folio 373, &c.

Vansciver had conveyed to Samuel Ware by the description

tained in his deed from Morris, and the same description is contained in all the deeds referred to in the certificate, down to the conveyance to Ann Eliza Britton.

The premises are described in the Vansciver deed, by metes and bounds, as situate on the north side of Front street, and bounded on the east by Laurel street, having a frontage on Front street of one hundred and twenty feet in width, and a depth of three hundred and seventy-seven feet three inches. It corresponds with the general description in the order for the search, except that, in the latter, the call is for a depth of five hundred feet, more or less, crossing Bank street, to low-water mark in the river Delaware; and it is admitted that the description in the Vansciver deed includes the premises described in the requisition, except as to the depth of the lot and a call for a boundary on the river. In the Vansciver deed, certain privileges of the use of the land between the north line of the lot conveyed and the Delaware river, are granted, with certain qualifications and restrictions.

One William F. Britton claims to be the owner of all the land described in the order for the search, and the relator proposed to become the purchaser of it from him, and the search was required with a view to such a purchase.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the relator, *C. A. Bergen.*

*Contra, Frederick Voorhees* and *Walter A. Barrows.*

The opinion of the court was delivered by·

DEPUE, J. The rule to show cause is for a peremptory *mandamus* commanding the defendant, as clerk, to certify in accordance with the above requisition for a search. The relator will not be entitled to a *mandamus,* because of the omission of the clerk to set out, in full, the description contained in the Vansciver deed, for he offered to copy the

description, *verbatim et literatim*, of any deed he should be referred to, and no request was made of him that he should furnish the description in any of the deeds mentioned in his search. In all other respects, his certificate complies with the requisition. The requisition called for any conveyances of record of all that lot, &c.—describing it—made by Samuel N. Ware and the other persons named. The Vansciver deed and the other deeds mentioned in the certificate conveyed part of those premises, and it is shown that no deed made by either of those persons embraced any other part of the said lands.

The reason assigned by the clerk for refusing to make any certificate with respect to the title to the premises described in the requisition, other than he had made, was that he was not referred to any deed of record describing the premises as described in the requisition. In his letter to the attorneys, of June 17th, 1881, he says:

"In respect to your description of property, if you will refer me to the book and page where the said description is recorded, I will cheerfully write it out, *verbatim et literatim*, at the head of the search, but, as I do not find any deed in the chain of title to the property now owned by Britton, which exactly answers said description, I decline to certify to anything not contained in said deeds. The search covers all the property handed down from owner to owner to Britton— nothing more, nothing less. If you will call for any of those deeds, by book and page, I can make a satisfactory search.'"

The relator's attorneys, by letter of June 18th, 1881, responded as follows:

"As to the description of the property searched against, it is our province to frame it. If you find no deeds conveying it, or any of it, all you can do is to say so, or, if otherwise, say what *part* you find conveyed, or rather set out what each deed conveys. It will follow that the balance is not conveyed by the parties searched against."

It appears by the depositions, that there is no deed on record containing the exact description of the lands as described in

the relator's requisition, nor any from which such description can readily be ascertained. .It was suggested, but not proved, that the land described in the order for search was part of a tract of forty-nine and four-hundredths acres conveyed by John Dainty and wife to Edmund Morris, bearing date April, 1848; and in the deed from Vansciver to Morris, it is recited that the premises conveyed by the last-mentioned deed were part and parcel of a large tract containing forty-nine and four-hundredths acres, conveyed by Dainty to Morris by the deed of April, 1848, but the clerk's attention was not called to the Dainty deed, and no part of the lands conveyed by it were conveyed to Ware, or any of the persons succeeding to his title, except the part conveyed by the Vansciver deed.

We think the defendant was not in default in the performance of his duty, in complying with the order for a search.

The clerk, when he is called upon to make a search, is entitled to have such information—either by the names of parties or by reference to the records in his office—as will enable him, by examining the indices or the record to which he is referred, to ascertain the premises in relation to which he is required to make a search. A party desiring a search cannot carve out a description of lands at his will, and require the services of the clerk to ascertain the condition of the title. He must furnish the clerk with such information, as to the state of the title, as will enable him to ascertain the present *status* of the title by a simple inspection of the records. Nor is the clerk required, upon a call for a search by such a description, to certify that he can find no deeds on record conveying the premises described, for the premises may be embraced in the general description in some deed on record, and he is under no obligation to employ a surveyor, or to make inquiries or examinations outside of his office, to ascertain facts which do not appear distinctly by his records. He may decline to make such a search until he is furnished with the information that will enable him to find and identify the premises by his records.

Nor is he under obligation to certify that a description he

certifies from the record includes part only of the premises described in the order for the search. If he gives the description as it is on the record, with all its qualifications and recitals, it is the province of counsel to advise as to whether the description covers the entire premises.

The rule to show cause should be discharged, with costs.